UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

KENNETH WARD,

                      Plaintiff,

  -against-                                             9:07-CV-0026
                                                         (LEK/RFT)

LUCIEN LECLAIRE, JR., et al,
                      Defendants.

APPEARANCES:                                          OF COUNSEL:

FOR THE PLAINTIFF:

KENNETH WARD
Plaintiff, *pro se*
03-B-1781
Woodbourne Correctional Facility
Riverside Drive
Woodbourne, NY 12788

FOR THE DEFENDANTS:

HON. ANDREW CUOMO                          Christina Leann Roberts, Esq.
Office of the Attorney General
State of New York
Department of Law
The Capitol
Albany, NY 12224

LAWRENCE E. KAHN
U.S. DISTRICT JUDGE

**ORDER**

I.     Background

Presently before the Court are two motions by Plaintiff Kenneth Ward ("Plaintiff") for preliminary injunctive relief. Dkt. No. 4, 23. Plaintiff seeks to enjoin Defendants from exposing Plaintiff to dangerous levels of environmental tobacco smoke (ETS) and to require Defendants to immediately remove Plaintiff from "dangerously hazardous living conditions" caused by ETS.[1] Dkt. Nos. 4 at 1, 23 at 1. Plaintiff also seeks a preliminary injunction stopping the sale of all tobacco products at all New York State correctional facilities and preliminary injunctive relief against any future intimidation or harassment based upon his request to ban tobacco products. Id. at 2, 4.

II.    Motion for Temporary Restraining Order

The standard a court must utilize in considering whether to grant a request for injunctive relief is well-settled in this Circuit. As the Second Circuit noted in Covino v. Patrissi, the movant must show: (a) irreparable harm and (b) either (1) a likelihood of success on the merits of the claim or (2) sufficiently serious questions going to the merits and a balance of hardships tipping decidedly toward the party seeking injunctive relief. 967 F.2d 73, 77 (2d Cir. 1992) (affirming district court's

---

[1] Plaintiff brought this action with respect to his exposure to ETS at Gowanda Correctional Facility and Franklin Correctional Facility. The claims with respect to Gowanda were dismissed because Gowanda is located in the Western District of New York. Dkt. No. 7. Thus, only the claims with respect to Franklin Correctional Facility remain pending in this action. However, the Court notes that Plaintiff is presently incarcerated at Woodbourne Correctional Facility. Dkt. No. 28-29. It is settled in this Circuit that a transfer from a prison facility moots an action for injunctive relief against the transferring facility. Prins v. Coughlin, 76 F.3d 504 (2d Cir. 1996); Beyah v. Coughlin, 789 F.2d 986, 988 (2d Cir.1986). Therefore, Plaintiff's motions could be denied on this ground alone. However, in light of Plaintiff's assertion that his transfer is temporary, for purposes of medical treatment (Dkt. No. 28-29), the Court will address the merits of the motions as well.

denial of inmate's request for preliminary injunction); see also Roucchio v. LeFevre, 850 F.Supp. 143, 144 (N.D.N.Y. 1994) (McAvoy, C.J.) (adopting Report-Recommendation of Magistrate Judge, which denied inmate's request for injunctive relief).

**(a)     Irreparable harm**

"Irreparable harm is the single most important prerequisite for the issuance of a preliminary injunction," and..., accordingly, "the moving party must first demonstrate that such injury is likely before the other requirements for the issuance of an injunction will be considered." Grand River Enterprise Six Nations, Ltd. v. Pryor  481 F.3d 60, 66 -67 (2d Cir., 2007).

To meet the irreparable harm requirement, a plaintiff must show an 'injury that is neither remote nor speculative, but actual and imminent and that cannot be remedied by an award of monetary damages." Forest City Daly Housing, Inc. v. Town of North Hempstead, 175 F.3d 144, 153 (2d Cir. 1999) (internal quotation omitted).  Where an alleged deprivation of a constitutional right is involved, courts generally do not require a further showing of irreparable harm by the party seeking injunctive relief.  Mitchell v. Cuomo, 748 F.2d 804, 806 (2d Cir. 1984); see also Paulsen v. County of Nassau, 925 F.2d 65, 68 (2d Cir. 1991) (irreparable harm exists when a party alleges a deprivation of rights under First Amendment).   Inmates do not have an unqualified constitutional right to a smoke-free environment.  See Helling v. McKinney, 509 U.S. 25, 35 (1993).  However, inmates do have a constitutional right to not be exposed "with deliberate indifference" to a level of tobacco smoke that would "pose an unreasonable risk of serious damage to his future health." Id. To establish irreparable harm in the context of a medical claim, plaintiff must "show that he has a medical condition which is likely to become significantly worse without some definite course of treatment." Garcia v. Arevalo, No. 93 CIV. 8147, 1994 WL 38238 at *1 (S.D.N.Y. Jun. 27, 1994)

(unpublished).  See also Helling, 509 U.S. at 35 (noting that Plaintiff must show the seriousness of the harm, the likelihood injury will actually be caused by exposure to ETS, as well as deliberate indifference).

Plaintiff has not submitted any medical documentation which suggest in any way that his condition will become significantly worse without the relief requested.[2]  The only documentation that Plaintiff has provided are his affidavits, which allege that he has been exposed to "high levels of dangerous cancer causing carcinogen[s] known as environmental tobacco smoke."  Dkt. No. 4 at 3.  Although Plaintiff alleges that his smoke exposure has significantly worsened his medical condition and been "extremely frightening," Plaintiff has provided no medical records, or other corroborating evidence, to support his lay opinion that his exposure is significant enough to cause Plaintiff irreparable harm.  Dkt. No. 23 at 2.

Additionally, Plaintiff's request for injunctive relief against future threats or harassment by inmates and/or prison officials is too speculative to meet the irreparable harm requirement. See Pryor  481 F.3d at 66.  Although Plaintiff claims that he will face future threats and harassment, Plaintiff cannot claim with any certainty how, when, or where he will be retaliated against, or that the retaliation will result in irreparable harm to Plaintiff.[3]

---

[2]Plaintiff's complaint cites general scientific data from the United States Environmental Protection Agency that concerns secondhand smoke, but does not contain any specific medical documentation concerning the Plaintiff.  Dkt. No. 1 at 10-12.

[3]The Court also notes that Plaintiff's request for the complete ban of tobacco products throughout the New York State prison system appears overly broad to protect Plaintiff against irreparable harm caused by environmental smoke as Plaintiff is currently incarcerated at Woodbourne Correctional Facility and the possibility of Plaintiff's transfer to another facility, with the exception of Franklin Correctional Facility, is speculative.

Therefore, the Court finds that, for purposes of the application currently before the Court, the Plaintiff has not established that he may suffer irreparable harm should the Court deny Plaintiff's request for a temporary restraining order.

### (b) Likelihood of success on the merits or sufficiently serious questions going to the merits and a balance of hardships tipping decidedly toward the plaintiff

To prevail in a preliminary injunctive motion, a party must not only establish irreparable harm, but also provide proof of a likelihood of succeeding on the merits of a claim, or evidence that establishes sufficiently serious questions going to the merits of such a claim and a balance of hardships tipping decidedly toward the party seeking such relief.  See Covino, 967 F.2d at 77.

In the present case, Plaintiff has made no showing, other than his own uncorroborated affidavit, that his exposure to ETS is extensive enough to establish a likelihood of succeeding on the merits of his claims in the underlying action.  See Helling, 509 U.S. at 35.  Additionally, Plaintiff has not established proof of Defendants' deliberate indifference, sufficient to make success on the merits likely.  Colon v. Sawyer, 9:03-CV-1018 (LEK/DEP), 2006 WL 721763, *7 (N.D.N.Y., 2006) (Kahn, J.) ("A claim alleging that prison conditions violate the Eighth Amendment must satisfy both an objective and subjective requirement--the conditions must be 'sufficiently serious' from an objective point of view, and the plaintiff must demonstrate that prison officials acted subjectively with 'deliberate indifference.'")

### III.    Conclusion

Therefore, since Plaintiff failed to establish either of the two requisite elements discussed above, Plaintiff's request for injunctive relief is denied.

**WHEREFORE**, based upon the above, it is hereby

**ORDERED**, that Plaintiff's Motions for temporary restraining orders (Docket Nos. 4, 23) are denied, and it is further

**ORDERED**, that the Clerk serve a copy of this Order on the parties.

**IT IS SO ORDERED**.

DATED:    May 24, 2007
         Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge