UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------
KENNETH WARD,

                       Plaintiff,

    -v.-                                      9:07-CV-0026
                                            (LEK)(RFT)
LUCIEN LECLAIRE, JR., *et al.*,

                       Defendants.
-------------------------------------------------------------------------
APPEARANCES:                    OF COUNSEL:

KENNETH WARD
Plaintiff, *pro se*
03-B-1781
Franklin Correctional Facility
62 Bare Hill Road
P.O. Box 10
Malone, New York 12953

HON. ANDREW M. CUOMO        CHRISTINA L. ROBERTS-RYBA, ESQ.
Attorney General of the State of New York  Assistant Attorney General
Department of Law
The Capitol
Albany, New York 12224

RANDOLPH F. TREECE, U. S. MAGISTRATE JUDGE

## ORDER

      Presently before the Court is *pro se* Plaintiff Kenneth Ward's Motion to Vacate pursuant to

Rule 60(b) of the Federal Rules of Civil Procedure.  Dkt. No. 36.[1]  Defendants  oppose the Motion.

Dkt. No. 38.

**A.**     **Plaintiff's Motion**

      In his Motion, Plaintiff seeks an Order vacating this Court's June 11, 2007 Order (Dkt. No.

35), which granted Defendants leave to take Plaintiff's deposition.  The bases for Plaintiff's Motion

---

[1] There is also a Motion for a Temporary Restraining Order pending in this case that will be address in a separate order by District Judge Kahn.

are (1)  Defendants' request did not comply with the Local Rules governing Motions; (2) Plaintiff

has not received discovery from Defendants; (3)  Plaintiff will be required to disclose medical

information that is protected; (4)  the directive that Plaintiff answer all questions is improper and

prejudicial; (5)  Plaintiff is entitled to at least thirty (30) days notice of such deposition; and (6)

Plaintiff's deposition should be taken by telephone or video conference at the correctional facility

where Plaintiff resides at the time of the deposition.  *See generally* Dkt. No. 36.

Defendants oppose the Motion and note that Federal Rule of Civil Procedure 30(a)(2) only

requires that a party obtain leave of court to depose a person confined to prison and that such leave

need not be sought by way of a Motion.  Further, Defendants assert that by filing this claim, Plaintiff

has put his medical condition in question and they are therefore entitled to depose him and seek

information regarding his medical and health status as it concerns his claims.  Finally, Defendants

assert that Plaintiff's claim that he is entitled to more notice is without merit.

**B.      Discussion**

Rule 60(b) of the Federal Rules of Civil Procedure sets forth the following six grounds upon

which relief from judgment can be granted:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered
> evidence which by due diligence could not have been discovered in time to move for
> a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or
> extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the
> judgment is void; (5) the judgment has been satisfied, released, or discharged, or a
> prior judgment upon which it is based has been reversed or otherwise vacated, or it
> is no longer equitable that the judgment should have prospective application; or (6)
> any other reason justifying relief from the operation of the judgment.

In deciding a Rule 60(b) motion, "a court must balance the policy in favor of hearing a

litigant's claims on the merits against the policy in favor of finality."  *Kotlicky v. United States*

*Fidelity & Guar. Co.*, 817 F. 2d 6, 9 (2d Cir. 1987).  Moreover, Rule 60(b) motions are left to the

2

sound discretion of the court.  *See* FED. R. CIV. P. 60(b).

Defendants are entitled, pursuant to Rule 30 of the Federal Rules of Civil Procedure, to take the deposition of any person, including a party.  If not for the additional requirement of Rule 26(b)(2), no court involvement would be required.  Rule 30(a)(2) simply requires leave of court when the a person to be deposed is incarcerated.  There was nothing improper regarding the method Defendants' counsel utilized in making the request for leave of court.

With respect to the issue of discovery, Plaintiff does not indicate what, if any, discovery is outstanding.  Regardless, if discovery is due to Plaintiff, his mechanism for relief is to confer with counsel and, if no satisfactory resolution is reached, to bring a motion to compel.  Denying a party's right to a deposition is not a proper mechanism for obtaining discovery, and, under the circumstances presented in this case, the absence of discovery responses is also not a proper basis for refusing to go forward with a deposition.

With respect to the form of the deposition, pursuant to Rule 30(b)(2), the party noticing the deposition, who also bears the cost of recording the deposition, has the right to designate the recording method and location of the deposition.  While another party may designate an ***additional*** method to record the testimony pursuant to Rule 30(b)(3), there is no basis for Plaintiff to object to the method originally selected by the party noticing the deposition, provided it is in accordance with Rule 30(b)(2).

Plaintiff's assertion that he must answer all questions, whether proper or not, is belied by the very language of this Court's Order and is clearly without merit.  *See* Dkt. No. 35 at p. 2 (noting that "valid objections made in good faith to inappropriate questions are permissible").  Similarly, Plaintiff's assertion that he is entitled to thirty (30) days notice is unsupported by the Federal Rules

3

wherein only "reasonable notice" is mandated. FED. R. CIV. P. 30(b)(1). This Court's June 11, 2007 Order sought to protect Plaintiff from a spur of the moment deposition by requiring twenty (20) days of notice.

Finally, with respect to medical and health information, Plaintiff has asserted claims for damage to his health due to the Defendants' deliberate indifference and seeks substantial monetary compensation for such claims. *See generally* Dkt. No. 1, Compl. By asserting such claims Plaintiff has, in fact, put his medical condition in question, and Defendants are entitled to explore same with Plaintiff in his deposition, as well as in written discovery. Thus, any claim of privilege must fail.

The Court finds that Ward has not established any of the Rule 60(b) grounds in his Motion. Since Ward sets forth no credible basis for vacating the June 11, 2007 Order, his Motion must be **denied**.

WHEREFORE, it is hereby

ORDERED, that Plaintiff's Motion to Vacate (Dkt. No. 36) is **DENIED**; and it is further

ORDERED, that the Clerk serve a copy of this Order on the parties hereto in accordance with the Local Rules.

IT IS SO ORDERED.

Date:   September 10, 2007
        Albany, New York

RANDOLPH F. TREECE
United States Magistrate Judge

4