UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

KENNETH WARD,

                                          Plaintiff,

   -v.-                                                            9:07-CV-0026
                                                                        (LEK/RFT)

LUCIEN LECLAIRE, JR., DOCS Acting
Commissioner, *et al.*,

                                          Defendants.

## ORDER

### I. Introduction

Plaintiff Kenneth Ward, a inmate acting *pro se*, alleges that Defendants have violated and continue to violate his Eighth Amendment rights, by subjecting him to environmental tobacco smoke (ETS).  Specifically, Plaintiff alleges that Defendants do not enforce the ban on smoking in Franklin Correctional Facility, in violation of the New York State Clean Air Act.  Defendants' failure to enforce this rule, Plaintiff alleges, poses an unreasonable risk of serious damage to his future health, specifically relating to Plaintiff's severe asthma.  Plaintiff seeks a preliminary injunction compelling Defendants to enforce the smoking restrictions inside Franklin Correctional Facility, or any other facility at which Plaintiff is housed, and compelling Defendants to prohibit the sale of any tobacco products at the facility.

### II. Background

On May 24, 2007, the Court issued an order denying Plaintiff's request for preliminary injunctive relief because Plaintiff had not met his burden of showing (1) irreparable harm and (2) either (a) a likelihood of success on the merits of the claim or (b) sufficiently serious questions going to the merits and a balance of hardships tipping decidedly toward the party seeking

injunctive relief. Order (Dkt. No. 31). In the May Order, the Court relied specifically on the absence of medical records or other corroborating evidence supporting his allegations. Id. On July 5, 2007, Plaintiff filed a new Motion, seeking to renew his previous Motion for a temporary restraining order. Motion (Dkt. No. 37). This filing was accompanied by medical records and affidavits of several witnesses supporting his allegations. In response, Defendants filed a one page letter stating summarily that, despite the new filings, Plaintiff had not established proof of irreparable harm or Defendants' deliberate indifference. Response (Dkt. No. 38).

### III.  Analysis

Plaintiff's claims raises issues which the Court takes seriously, both in its implications as to Defendants' non-compliance with the New York State Clean Air Act and as to Plaintiff's own health. Because of the factual disputes, the fact-specific nature of the claims, and the drastic nature of the relief requested by Plaintiff, the Court determines that an evidentiary hearing is necessary before any relief can be granted. However, the Court notes that there is an upcoming trial in this case, in which these issues will be resolved. Although the Court is inclined to appoint counsel to Plaintiff and hold an evidentiary hearing, it would not be in the interest of judicial economy to do so when resolution is imminent. However, should the trial in this case be unduly delayed, Plaintiff is invited to move this Court to reconsider whether such a hearing should be held. As for now, Plaintiff's Motion for injunctive relief is denied.

## IV.  Conclusion

Wherefore, it is hereby

**ORDERED**, that Plaintiff's Motion for preliminary injunctive relief (Dkt. No. 37) is **DENIED** without prejudice; and it is further

**ORDERED**, that the Clerk serve a copy of this Order on the parties hereto in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:    November_07, 2007
                 Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge

3