UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------
KENNETH WARD,

                            Plaintiff,

          -v.-                                                    9:07-CV-0026
                                                                 (LEK)(RFT)

LUCIEN LECLAIRE, JR., Acting commissioner, *et al.*,


                            Defendants.
-------------------------------------------------------------------------------
APPEARANCES:                                  OF COUNSEL:

KENNETH WARD
Plaintiff, *pro se*
03-B-1781
Franklin Correctional Facility
PO Box 10
Malone, New York 12953

HON. ANDREW M. CUOMO               CHRISTINA L. ROBERTS-RYBA, ESQ.
Attorney General of the State of New York    Assistant Attorney General
Attorney for Defendants
Department of Law
The Capitol
Albany, New York 12224


RANDOLPH F. TREECE, U. S. MAGISTRATE JUDGE


## ORDER

          Presently before the Court is a Motion to Vacate the Notice of Deposition (Dkt. No. 49), a

Motion for a Court Conference (Dkt. No. 49), a Motion to Compel Discovery (Dkt. No. 49), and a

Motion to Amend the Complaint (Dkt. No. 51), all filed by *pro se* Plaintiff Kenneth Ward.[1]

Defendants have opposed each Motion.  Dkt. Nos. 52-53.

**A.     Background.**

          Plaintiff initiated this action on January 8, 2007, by filing a civil rights Complaint with the

---

[1] A Motion to Vacate the November 7, 2007 Order denying Plaintiff's Motion for a Temporary Restraining Order is also pending and will be addressed in a separate Order by the Honorable Lawrence E. Kahn, United States District Judge.

Clerk of the Court (Dkt. No. 1); the Complaint was ordered served on February 5, 2007 (Dkt. No. 7). Accompanying Plaintiff's Complaint was a Motion for a Preliminary Injunction. On March 19, 2007, Defendants filed an Answer to the Complaint and a Response in Opposition to Plaintiff's Motion for a Preliminary Injunction. Dkt. Nos. 20-21. On April 6, 2007, Plaintiff filed a Motion for a Temporary Restraining Order. Dkt. No. 23. The Motion for a Temporary Restraining Order and Motion for Preliminary Injunction were denied by Order, dated May 24, 2007. Dkt. No. 31.

On June 8, 2007, Defendants requested leave to take Plaintiff's deposition, which was granted by this Court. Dkt. Nos. 34-35. Thereafter, Plaintiff filed a Motion to Vacate the Order granting Defendants leave to depose him (Dkt. No. 36); Plaintiff's request was denied on September 10, 2007 (Dkt. No. 43). Thereafter, on November 5, 2007, Plaintiff filed his Motion to Vacate the Notice of Deposition, Motion for a Court Conference, and Motion to Compel Discovery. Dkt. No. 49. On November 8, 2007, Plaintiff filed his Motion to Amend the Complaint (Dkt. No. 51) after having an amended complaint and a Motion to Amend the Complaint stricken from the Court's docket for failure to comply with the Federal Rules of Civil Procedure and the Local Rules (Dkt. Nos. 46 & 48).

**B.     Motion to Compel Discovery.**

The Court will first address the Motion to Compel Discovery as Plaintiff has intertwined Defendants' alleged failure to cooperate in discovery in the other Motions pending before this Court.

Plaintiff alleges that the Defendants have failed to make the initial disclosures as required by Rule 26(a)(1) of the Federal Rules of Civil Procedure. Defendants state that such initial disclosure provisions do not apply to this case and, therefore Defendants's counsel "returned the plaintiff's demands without prejudice and await for production under the Federal Rules of Civil

Procedure 34." Dkt. No. 53.  A copy of the letter returning the demands was not annexed to the Defendants' Response to this Motion.  Thus, the Court is unable to determine whether the basis for the rejection was explained to Plaintiff, and whether this prong of the Motion was asserted due to lack of information or for dilatory reasons.

Nevertheless, it is undisputed that Plaintiff is in the custody of the New York State Department of Correctional Services and is proceeding with this action *pro se*.  Thus, it is beyond cavil that Rule 26(a)(1)(B)(iv)[2] expressly excludes this case from provisions requiring the mandatory disclosures. Accordingly, Plaintiff's Motion to Compel is without merit and must be **denied**.

**C.     Motion to Vacate Defendants' Notice of Deposition.**

Plaintiff objects to Defendants' Notice of Deposition due to Defendants' failure to fully comply with Rule 30(b)(2) of the Federal Rules of Civil Procedure.[3]  More specifically, Plaintiff objects to the fact that the Notice of Deposition fails to state the method by which the testimony will be recorded.  *See* Dkt. No. 49.

Defendants oppose the Motion and state that the "Notice of Deposition is routine, accurate and is in compliance with the order signed by your honor on June 11, 2007 (Docket #35)." Dkt. No. 53.  In addition, Defendants note that Plaintiff already sought to vacate the Order that granted them leave to serve the Notice of Deposition, and that they served the Notice in a timely fashion.  *Id.*

The requirements for a proper Notice of Deposition are established by the Federal Rules of

---

[2] The relevant portion of Federal Rule of Civil Procedure 26(a)(1)(B)(iv) states:

(B) Proceedings Exempt from Initial Disclosure. The following proceedings are exempt from initial disclosure:
          (iv) an action brought without an attorney by a person in the custody of the United States, a state, or a state subdivision[.]

[3] The provision to which Plaintiff refers is now codified in Rule 30(b)(3)(A), pursuant to the recent amendments to the Federal Rules of Civil Procedure.

3

Civil Procedure.  Nothing in this Court's June 11, 2007 Order granted leave to Defendants to serve a Notice of Deposition that did not comply with the Federal Rules.  Accordingly, Plaintiff is correct in his assertion with respect to the required content of the Notice of Deposition.  Thus, any future Notice of Deposition issued by Defendants in this action shall comply with the Federal Rules.[4]

Given the passage of time, the request to vacate the Notice of Deposition will be **denied as moot**.[5]  Moreover, Plaintiff is advised that he has an ongoing obligation to resolve minor disputes, such as this, with Defendants' counsel prior to seeking the intervention of this Court.  *See* N.D.N.Y.L.R. 7.1(b)(2) and 7.1(d).  Plaintiff has offered the Court no evidence that he made any attempt to resolve this dispute by way of written correspondence or otherwise.  **Plaintiff is advised that the Court will require proof of good faith conferral on *any* discovery related Motion filed in this action, and failure to provide such evidence may be a basis for denial of the Motion**.

### D.     Motion for Court Conference.

Plaintiff seeks a Court conference to address and resolve all of the outstanding issues between the parties.  However, the Court has addressed those issues in this Order.  Accordingly, the Court finds no need for a conference at this time and Plaintiff's Motion for a Court Conference is **denied**.  As with the discovery motions, Plaintiff is advised that the Court will require that proof of good faith conferral accompany *any* request for a Court Conference, and failure to provide such

---

[4] Despite Plaintiff's request in this Motion, Defendants are <u>not</u> obligated to confer with him regarding the scheduling of the Deposition.  Rather, he is entitled to the twenty (20) days notice as set forth in this Court's June 11, 2007 Order.

[5] The Court notes that Plaintiff complains that the Department of Correctional Services moved him from one facility to another based upon service of the Notice of Deposition, and that the Attorney General did not appear on the scheduled date for the deposition.  However, Plaintiff filed this Motion to Vacate the Notice of Deposition and, thus, the reluctance of counsel to proceed on the originally scheduled date is wholly justified.  As discussed above, such events may have been avoided with proper and courteous interactions amongst the parties rather than resorting to Court intervention on the issues raised in this Motion.

evidence will be a basis for denial of such request.

**E.      Motion to Amend the Complaint.**

Plaintiff filed his Motion to Amend the Complaint (Dkt. No. 51) on November 8, 2007, in accordance with an extension of time granted by this Court (Dkt. No. 48).  Thus, the Motion was timely filed.

Through his proposed amendments, Plaintiff seeks to dismiss Defendants Eagen and Boyea, and to add Defendants Fischer, Habek, Dumas and Rock.  *See* Dkt. No. 51.  The claims in the amended Complaint continue, as in the original Complaint, to be related to Plaintiff's exposure to environmental tobacco smoke and the impact on Plaintiff's health.  The amended complaint also asserts a claim for retaliation, based upon actions taken as a result of the filing of this action.

Defendants filed a letter in opposition to this Motion.  Dkt. No. 52.  Defendants assert that, due to the passage of time, the delay would be prejudicial to Defendants as the discovery deadline in the Scheduling Order has expired,[6] and the deposition of the Plaintiff was scheduled for November 21, 2007.[7]  In addition, Defendants assert that Plaintiff failed to "provide any reason why the requested changes were not in the original complaint."  Dkt. No. 52.

Rule 15(a) of the Federal Rules of Civil Procedure generally governs the amendment of complaints, but in the case of proposed amendments where new defendants are to be added, the Court must also look to Rule 21.  *United States v. Chilstead Building Co.*, No. 96-CV-0641 (N.D.N.Y.  Nov. 7, 1997) (McAvoy, C.J.) (citations omitted).  Rule 21 states that a party may be

---

[6] The discovery deadline was stayed, by Order of this Court, pending resolution of the pending Motions.  Dkt. No. 54.

[7] It is this Court's understanding that the deposition did not proceed on November 21, 2007, due to the Motions filed by Plaintiff on November 5, 2007.

added to an action "at any time, on just terms." *Id.* Rule 21 is "intended to permit the bringing in

of a person, who through inadvertence, mistake or for some other reason, had not been made a party

and whose presence as a party is later found necessary or desirable." *United States v. Commercial*

*Bank of North America*, 31 F.R.D. 133, 135 (S.D.N.Y. 1962) (internal quotations omitted). Addition

of parties under Rule 21 is guided by the same liberal standard as a motion to amend under Rule 15.

*Chilstead; Fair Housing Dev. Fund Corp. v. Burke*, 55 F.R.D. 414, 419 (E.D.N.Y. 1972).

Given the history of this case, the Court in unable to find that the passage of time has, in any

way, prejudiced the Defendants.  In addition, Plaintiff was not in a position to assert his claims for

retaliation in the original Complaint, as such events are alleged to have occurred after the filing of

his original Complaint.  Further, in the interest of judicial economy, the Court finds that all parties

would be better served by having this dispute resolved in one, rather than multiple, action.

Accordingly, the Court will **grant** Plaintiff's Motion to Amend the Complaint.

WHEREFORE, it is hereby

ORDERED, that Plaintiff's Motion to Compel Discovery (Dkt. No. 49) is **denied**; and it is

further

ORDERED, that Plaintiff's Motion to Vacate the Notice of Deposition (Dkt. No. 49) is

**denied as moot**; and it is further

ORDERED, that Plaintiff's Motion for a Court Conference (Dkt. No. 49) is **denied**; and it

is further

ORDERED, that Plaintiff's Motion to Amend the Complaint (Dkt. No. 51) is **granted**.  The

original of the amended Complaint, which shall supersede and replace *in toto* the original Complaint

filed herein, shall be filed with the Court by the Plaintiff, **<u>within thirty (30) days</u>** of the filing date

of this Order;[8] and it is further

ORDERED, that Plaintiff serve a copy of such Amended Complaint on opposing counsel **within thirty (30) days** of the filing date of this Order; and it is further

ORDERED, that Plaintiff provide the Court with copies of his Amended Complaint and completed USM-285 forms for service on the newly identified Defendants to this action; and it is further

ORDERED, that upon the filing of the Amended Complaint, the Clerk shall amend the Court's docket to reflect the addition of Defendants Fischer, Rock, Habek, and Dumas, and the dismissal of Defendants Eagen and Boyea; and it is further

ORDERED, that upon the filing of the Amended Complaint, the Clerk shall issue Amended Summonses naming the newly identified Defendants and forward them, along with a copies of the Amended Complaint, to the United States Marshal for service upon newly added Defendants; and it is further

ORDERED, that a formal response to Plaintiff's Amended Complaint be filed by the Defendants or their counsel withing **thirty (30) days** following service on the new Defendants; and it is further

ORDERED, that the discovery deadline be reset to **May 1, 2008**, the motion to compel deadline reset to **May 30, 2008**, and the dispositive motion filing deadline reset to **July 25, 2008.** The nondispositive motion filing deadline is expired and shall not be further extended; and it is further

---

[8] The proposed amended complaint submitted by Plaintiff along with the present Motion shall not be filed by the Clerk as the amended complaint herein.  Rather, Plaintiff shall submit a copy of the Amended Complaint that bears his original signature to the Clerk for filing.

ORDERED, that the Clerk serve a copy of this Order on the parties hereto in accordance with the Local Rules.

IT IS SO ORDERED.

Date:   January 15, 2008
        Albany, New York

_____
RANDOLPH F. TREECE
United States Magistrate Judge