**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

KENNETH WARD,

                            Plaintiff,

        - v -                                                    9:07-CV-0026
                                                                 (LEK)(RFT)
LUCIEN LECLAIRE, JR., *et al.*,

                            Defendants.

**APPEARANCES:**                          **OF COUNSEL:**

KENNETH WARD
Plaintiff, *pro se*
338 Bennington Drive
Rochester, New York 14616

HON. ANDREW M. CUOMO                      CHRISTINA L. ROBERTS-RYBA, ESQ.
Attorney General of the State of New York  Assistant Attorney General
Department of Law
The Capitol
Albany, New York 12224

RANDOLPH F. TREECE, U. S. MAGISTRATE JUDGE

<u>**ORDER**</u>

*Pro se* Plaintiff Kenneth Ward brought this civil rights action, pursuant to 42 U.S.C. § 1983,

alleging Defendants violated his constitutional rights. Dkt. No. 1, Compl. According to his Amended

Complaint, Ward complains that Defendants, individually and/or collectively, either exposed or allowed

him to be exposed to high levels of environmental tobacco smoke (ETS), which had (and continue to

have) detrimental effects on his health. Dkt. No. 64, Am. Compl., at ¶¶ 6-43. Ward also claims that

several Defendants have denied him proper medical treatment for his deteriorating health as retaliation

for bringing the present lawsuit. *Id*. Familiarity with the facts and procedure of this case is presumed.

        Presently before the Court is Ward's Motion for Reconsideration (Dkt. No. 66) of this Court's

January 15, 2008 Order, which addressed several of Plaintiff's non-dispositive Motions including, 1) Motion to Compel Discovery (Dkt. No. 49); 2) Motion to Vacate the Notice of Deposition (Dkt. No. 49); 3) Motion for a Court Conference; (Dkt. No. 49); and 4) Motion to Amend (Dkt. No. 51).  All but the latter were denied.  Dkt. No. 62.  Ward asserts that reconsideration of the Court's January Order is warranted under Federal Rule of Civil Procedure 60(b) due to newly discovered evidence and/or changed circumstances, namely, his release from incarceration.  Dkt. No. 66-2, Kenneth Ward Affirm., dated Feb. 1, 2008, at ¶ 6.  He further seeks extensions of various scheduling deadlines as "just and equitable relief."  *Id*. at ¶¶ 16-17.  Defendants oppose Plaintiff's Motion for Reconsideration.  Dkt. No. 67.

## I.  DISCUSSION

### A. Applicable Law

Plaintiff brings his Motion pursuant to Federal Rule of Civil Procedure 60(b), however, that Rule is procedurally inappropriate as it only applies to <u>final</u> orders and judgments, not <u>interlocutory</u> orders.[1]  *Burke v. Warren County Sheriff's Dep't*, 916 F. Supp. 181, 183 (N.D.N.Y. 1996); *see also* FED. R. CIV. P. 60(b) advisory committee's note (1946) ("The addition of the qualifying word 'final' emphasizes the character of the judgments, orders or proceedings from which Rule 60(b) affords relief; and hence interlocutory judgments are not brought within the restrictions of the rule[.]").  Since the

---

[1] Rule 60(b) allows for relief from "a final judgment, order, or proceeding" for the following reasons:
  (1) mistake, inadvertence, surprise, or excusable neglect;
  (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
  (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
  (4) the judgment is void;
  (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
  (6) any other reason that justifies relief.

January Order dealt solely with interlocutory matters, Plaintiff cannot seek relief pursuant to Rule 60.

Reconsideration is similarly not available to Plaintiff by way of motion since, pursuant to this District's

Local Rules, the time to bring such motion expired before he filed the instant one.  *See* N.D.N.Y.L.R.

7.1(g) (noting that a motion for reconsideration must be filed no later than ten calendar days "after the

entry of the challenged judgment, order, or decree").[2]  Nevertheless, a court retains the power to

reconsider its own interlocutory orders.  *Burke v. Warren County Sheriff's Dep't*, 916 F. Supp. at 183;

*see also Ideal Toy Corp. v. Sayco Doll Corp.*, 302 F.2d 623, 625 (2d Cir. 1962) (citing *John Simmons*

*Co. v. Grier Bros. Co.*, 258 U.S. 82, 88 (1922)); FED. R. CIV. P. 60(b) advisory committee's note (1946)

(noting that though exempt from Rule 60(b), interlocutory orders are "left subject to the complete

power of the court rendering them to afford such relief from them as justice requires").

On April 4, 2008, this Court held an impromptu telephone conference with the parties to address

a dispute that arose regarding the date and location of Plaintiff's deposition, an issue we deal with later

in this opinion. Dkt. No. 70, Minute Entry.  During that conference, Plaintiff made another overture

regarding the exchange, or lack thereof, of discoverable information.  Based upon that discussion, the

Court agreed to take another look at Plaintiff's Motion to Compel.  Accordingly, we are exercising our

inherent powers under the circumstances and will consider Plaintiff's applications.

### B.  Plaintiff's Motion to Compel Discovery.

When we initially reviewed Plaintiff's Motion to Compel Discovery, dated November 5, 2007,

it was this Court's (and the Defendants') understanding that Plaintiff's chief complaint was that he had

not received the initial mandatory disclosures set forth in Federal Rule of Civil Procedure 26(a)(1).

Dkt. No. 49, Kenneth Ward Aff., dated Oct. 28, 2007, at ¶ 13 ("Plaintiff has been waiting for seven

---

[2] The Order under attack was issued on January 15, 2008; Ward's Motion for Reconsideration is dated February 1, 2008 and was docketed on February 5, 2008, more than ten calendar days after the Order was issued.

months for the Defendants to turn over the initial discovery material pursuant to Rule 26.1 a and b, which Plaintiff by Rule does not have to request[.]"); Dkt. No. 62, Order, dated Jan. 15, 2008, at p. 2 ("Plaintiff alleges that the Defendants have failed to make the initial disclosures as required by Rule 26(a)(1) of the Federal Rules of Civil Procedure.").

Rule 26(a)(1) generally requires most litigants, with some explicit exceptions, to exchange certain information without waiting for a formal demand. Specifically exempted from this mandatory disclosure are "action[s] brought without an attorney by a person in the custody of . . . a state[.]" FED. R. CIV. P. 26(a)(1)(B)(iv). Accordingly, in the January Order we determined that Plaintiff initiated this action *pro se* while he was in the custody of the New York State Department of Correctional Services (DOCS), and therefore, this matter was explicitly exempted from the mandatory disclosure dictates of Rule 26. Dkt. No. 62 at p. 3. Though we did not have the benefit of reviewing Defendants' attorney's explanation to Plaintiff regarding the reason she chose not to respond to Plaintiff's Rule 26(a)(1) discovery request, we nevertheless found that Plaintiff's demand for the 26(a)(1) discovery he had yet to be provided was not appropriate. *Id*.

By his current Motion, Plaintiff alleges that because he has been released from state custody, which occurred on our about January 28, 2008, the January 15th Order should be vacated as his change in circumstances now entitles him to the initial mandatory disclosures under Rule 26(a)(1). Dkt. No. 66. This Court does not agree with Plaintiff's assessment.

Patently, the exemption set forth in Rule 26(a)(1)(B)(iv) looks at Plaintiff's status at the time the action was "brought," in other words, when it was filed. We can easily glean this conclusion by looking at the actual text of the Rule and through an understanding of the functional parameters of the Rule. In addition to setting forth the specific discovery which must be exchanged "without awaiting

4

a discovery request," Rule 26 sets the timing for such exchange "at or within 14 days after the parties'

Rule 26(f) conference[.]"   And, except for certain cases (such as this one), the 26(f) conference,

wherein the attorneys meet and confer in an attempt to establish a joint discovery plan, is supposed to

occur "as soon as practicable—and in any event at least 21 days before a scheduling conference is to

be held or a scheduling order is due under Rule 16(b)." *See* FED. R. CIV. P. 26(a)(1)(C) & (f)(1).  Then,

once the court receives a report stemming from the parties' 26(f) conference, or meets with the parties

itself, a scheduling order is due "as soon as practicable, but in any event within the earlier of 120 days

after any defendant has been served with the complaint or 90 days after any defendant has appeared."

FED. R. CIV. P. 16(b)(2).

　　　　The timing of all these deadlines/conferences are inextricably connected to the filing and service

of the complaint and answer, which supports our assessment that Rule 26 provides for basic discovery

at the very outset of the litigation.  Plaintiff's status as a *pro se* incarcerated individual at the time he

commenced this action resulted in exemption of this matter from many of these initial conference rules,

such as the exemption from participating in a Rule 26(f) conference and a Rule 16 conference.[3]  The

fact that Plaintiff has been released from custody does not alter the many initial civil rule exemptions

that have already attached.  *See Martin v. Brosseau*, 2008 WL 746970, at *1 (D. Vt. Mar. 19, 2008).

　　　　Thus, to the extent Plaintiff criticized and continues to criticize the Defendants for their failure

to automatically turn over the Rule 26 mandatory disclosure, we definitively state that this case is and

continues to be exempt from such requirement and the Assistant Attorney General assigned to this case

---

[3] As permitted under Rule 16, this District's General Order 25 exempts this case from the strict requirements of
Rule 16.  Instead of having the parties participate in a Rule 26(f) and Rule 16 Conference, this Court issued a Pre-Trial
Scheduling Order (PTSO) setting various deadlines for the procession of this action.  Dkt. No. 32.  Notably, that Scheduling
Order was issued  approximately seventy-three (73) days after the Defendants appeared in this action.  *Compare* Dkt. No.
21, Defs.' Answer, dated March 19, 2007 *with* Dkt. No. 32, PTSO, dated May 31, 2007.

shall not be faulted for her failure to turn such information over without a proper demand.  That being said, there has been no hindrance, at least none that this Court has been made aware of, preventing Plaintiff from making a proper discovery demand pursuant to Federal Rules of Civil Procedure 33 & 34.[4]  Indeed, exemption notwithstanding, there is no reason either party could not issue an actual demand for the items set forth in Rule 26(a)(1).  The exemption only applies to <u>automatic</u> disclosure; it does not act to prevent such information from ever being exchanged.

Which brings us to this Court's reconsideration of the January Order regarding Plaintiff's discovery request.  While the Plaintiff's stated reasons for reconsideration are without merit, we nonetheless find it appropriate to revisit our January Order.  Though Plaintiff is not automatically entitled to the mandatory initial disclosures set forth in Rule 26(a)(1), a reasonable reading of his October 5th and 29th letters to Defendants' attorney leads this Court to believe that it is, indeed, a discovery request.  The October 29th letter reads, in relevant part, as follows:

> PLEASE TAKE NOTICE that this is Plaintiffs [sic] third written request for the intital [sic] Discourey [sic] Disclosure pursuant to Rule 26.(1) a and b, of the Federal Rules of Civil procedure.
>
> Plaintiff [has] not been provide[d] with the names of all persons who were present at, witnessed or investigated the events from which Plaintiffs claims arose.
>
> Defendants shall also provid[e] to Plaintiff copies of any documents prepared by any employee of the New York State DOCS, including the Inspector General, in connection with the events from which the Plaintiffs claims arose including, but not limited to, the followin[g]:
>
> Incident reports, Intra departmental memoranda, Photograph[s], Videotapes, Witness statements, Misbehavior reports, Medical treatment records (if release is properly authorized) and Transcripts of disiplinary [sic] hearings, and Grievance.

Dkt. No. 66-2.

Pursuant to the Federal Rules of Civil Procedure, "[p]arties may obtain discovery regarding any

---

[4] Plaintiff has another action pending in this District wherein as early as July 2007 he appeared to have pursued discovery under Rules 33 and 34.  *See Ward v. Goord*, Civ. No. 9:06-CV-1429, Dkt. No. 23 (Ward's request for discovery, which was ultimately stricken by the Court).

nonprivileged matter that is relevant to any party's clam or defense—including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter." FED. R. CIV. P. 26(b)(1).  In making a written request for discovery, Rule 34 decrees that such request

> (A) must describe with reasonable particularity each item or category of items to be inspected;
> (B) must specify a reasonable time, place, and manner for the inspection and for performing the related acts; and
> (C) may specify the form or forms in which electronically stored information is to be produced.

FED. R. CIV. P. 34(b)(1)(A)-(C).

Though not a model of clarity, and notwithstanding Plaintiff's confusion as to his automatic entitlement to certain information, this Court construes Plaintiff's October 29th letter as a proper discovery demand for the following items as they may be relevant to his claims, and thus directs the Defendants to produce, subject to legitimate objections:

1. The names of all persons who were present at, witnessed or investigated the events from which Plaintiff's claims arose;

2. Copies of documents prepared by any DOCS employee and Inspector General relative to the Plaintiff's claims including incident reports, intra-departmental memoranda, photographs, videotapes, witness statements, misbehavior reports, medical treatment records, transcripts of disciplinary hearings and grievances.

The relevant time-frame for the above demands is of course limited to May 2006, the date Plaintiff was transferred to Franklin Correctional Facility, through January 2008, the date the Amended Complaint was filed.  Dkt. No. 64 at ¶ 6.  The Court finds this time-period to be appropriate as Plaintiff is clearly alleging an ongoing violation.  *See generally id*.

7

Accordingly, this Court modifies that portion of the January Order which denied Plaintiff's Motion to Compel and converts the Plaintiff's October 29th Letter to a Demand to Produce. Defendants shall provide this information to Plaintiff within thirty days of the date of this Order, subject, of course, to legitimate objections pursuant to Rule 26(b)(2)(C).  The Court finds no basis to disturb any other ruling set forth in the January Order.

### C.  Plaintiff's Deposition

The next issue we must address was discussed at the April 4th telephone conference, namely, the dispute over the location of Plaintiff's deposition.  Under Federal Rule of Civil Procedure 26(c)(1) & (2), a court has broad discretion to alter the place of a noticed deposition, upon good cause shown, to protect a party from undue burden or expense.  The Federal Rules of Civil Procedure do not state categorically the location where depositions are to take place.[5]  There exists, however, a presumption that the deposition of a defendant should "be held in the district of his residence."  *Dagen v. CFC Group Holdings Ltd.*, 2003 WL 21910861, at *2 (S.D.N.Y. Aug. 11, 2003) (citing *In Re Livent Sec. Litig.*, 2002 WL 31366416, at *1 (S.D.N.Y. Oct. 21, 2002); *Six West Retail Acquisition, Inc. v. Sony Theatre Mgmt. Corp.*, 203 F.R.D. 98, 107 (S.D.N.Y. 2001); *Devlin v. Transp. Comm. Int'l Union*, 2000 WL 28173, at *3 (S.D.N.Y. Jan. 14, 2000); & *Mill-Run Tours, Inc. v. Khashoggi*, 124 F.R.D. 547, 550 (S.D.N.Y. 1989)); *see also* 6 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE ¶ 26.105[3][b] (3d ed. 2006).  Courts have reasoned that since the plaintiff is free to choose the forum to litigate, and "defendants are not before the court by choice, it is the plaintiff who should bear any reasonable burdens of inconvenience that the action presents."  *Fed. Deposit Ins. Co. v. La Antillana, S.A.,* 1990 WL 155727, at *1 (S.D.N.Y. Oct. 5, 1990) (cited in *Dagen v. CFC Group Holdings Ltd,*. 2003 WL

---

[5] Under the New York State's Civil Practice Law and Rules, a party shall be deposed in the county of his residence or place of business, or where the action is pending.  N.Y.C.P.L.R. 3110.

21910861, at *2).  To rebut this presumption, the plaintiff has the affirmative burden of presenting "peculiar circumstances" which justify a court order directing the defendant's deposition be taken in a different location.  *See, e.g.*, *id*.  Undue hardship is among these factors for consideration, which would include burdensome travel costs and other expenses.  *Dagen v. CFC Group Holdings Ltd.*, 2003 WL 21910861, at *3 ("It is now well-settled, though, that the familiar presumption in favor of locating a deposition at the deponent's residence or place of business can be overcome by a showing that factors of cost, convenience, and litigation efficiency militate in favor of a different location." (internal quotation marks and citations omitted)); *In re Livent, Inc., Sec. Litig.*, 2002 WL 31366416, at *1. Furthermore, the presumption abates in situations where the plaintiff had little or no choice over where to file the litigation.  *See, e.g.*, *In re Perry H. Koplik & Sons, Inc.*, 2007 WL 2262845, at *4 (Bankr. S.D.N.Y. Aug. 2, 2007) (citing *Six West Retail Acquisition, Inc. v. Sony Theatre Mgmt. Corp.*, 203 F.R.D. at 107);  *Mill-Run Tours, Inc. v. Khashoggi*, 124 F.R.D. at 550 ("Because courts retain substantial discretion to designate the site of a deposition, the presumption appears to be merely a decision rule that facilitates determination when other relevant factors do not favor one side over the other.").

The case law is less clear, however, when it comes to the location of a plaintiff's deposition. Extending the logic of the above rule regarding equitable allocation of litigation costs, a proper location of a plaintiff's deposition should be in the forum district where the litigation is pending.  *Abdullah v. Sheridan Square Press, Inc.*, 154 F.R.D. 591, 592 (S.D.N.Y. 1994).  Again, however, this rule wanes when the plaintiff had no choice in selecting the forum to litigate.  *Id*.  (A plaintiff's deposition should be taken where the plaintiff has chosen to sue, however, "if special circumstances are shown, such as hardship or burden to the plaintiff, which outweigh any prejudice to the defendant, the general rule may

yield to the exigencies of the particular case."); *see also* 6 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE ¶ 26.105[3][b] (3d ed. 2006).

In the case at bar, the Plaintiff was an inmate at Franklin Correctional Facility, under the custody of the Department of Correctional Services, at the time this suit was initiated. Franklin Correctional Facility is located in the Northern District of New York. Plaintiff is no longer incarcerated and resides in Rochester, New York, which is located in the Western District of New York. Plaintiff has asked this Court to compel the Defendants to take his deposition in Rochester. It is conceivable that, had Plaintiff not been incarcerated at the time he filed suit, he may have initiated this litigation in the Western District of New York. The Court is also mindful of a defendant's right to move to change such venue, however, the rules above were clearly tailored to circumstances wherein the plaintiff initially has a choice. Thus, if a plaintiff has a restricted choice of forum at the outset, "there seems very little reason to give weight to his selection of the forum as against facts indicating that another place for taking the deposition would be **more just**." *Abdullah v. Sheridan Square Press, Inc.*, 154 F.R.D. at 593 (emphasis added) (citing 8 C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2112 at 409 (2d ed. 1990)). Mindful of Plaintiff's financial status in light of his recent release from a correctional facility and his *in forma pauperis* status, weighed against the resources of the Defendants,[6] and inconvenience posed, this Court finds that the totality of the circumstances and equities in this case require a compromise wherein the Court directs Defendants to depose Plaintiff in Syracuse, New York, which Plaintiff has already agreed.[7]   Accordingly, the Court directs that

---

[6] Among other things, the Court is aware that the Defendants' counsel has an office at 615 Erie Boulevard West, Syracuse, New York,  full-time staff stenographers, and rooms available to accommodate depositions.

[7] This ruling should not be considered a hard and fast rule, but tailored solely based upon the competing equities of this case.  We also note for the record that Plaintiff represented to the Court that he obtained permission from his parole

(continued...)

Defendants depose Plaintiff in Syracuse, New York, on May 5, 2008, at 10 a.m.  Defendants shall forthwith provide Plaintiff with notice of the exact location of the deposition and the manner in which the deposition shall be recorded.  Plaintiff is admonished that if he fails to attend the scheduled deposition, or in any way fails to cooperate in good faith at the deposition, he may be subject to sanctions which could include a recommendation to dismiss his Amended Complaint in its entirety. Though the Court has directed certain discovery be disclosed to Plaintiff, the time-frame for exchanging such information exceeds the date upon which the deposition is scheduled.  Therefore, we specifically admonish Plaintiff that should Defendants fail to provide the Court ordered discovery prior to the May 5th deposition, it shall in no way alter Plaintiff's obligation to participate in good faith in his deposition.

### D.  Scheduling Deadlines

As a final matter, the Court addresses the Plaintiff's request for an extension of scheduling deadlines.  This action commenced on January 8, 2007.  After Defendants appeared, this Court issued a PTSO setting the following deadlines: Non-Dispositive Motions to be filed by July 30, 2007; Discovery due by November 30, 2007; Motions to Compel due by December 30, 2007; and Dispositive Motions to be filed by March 30, 2008.  Dkt. No. 32, PTSO, dated May 31, 2007.  On July 12, 2007, prior to the expiration of the Non-Dispositive Motion Filing Deadline, this Court granted Plaintiff an extension of time until September 28, 2007, to file a motion to amend his Complaint, with the caveat that there would be no further extensions of this deadline.  Dkt. No. 39, Request and Order. Nevertheless, after striking several of Plaintiff's attempts to file either an amended complaint, instead of a motion to amend, or a motion that did not conform with the Local Rules of Practice, the Court once

---

[7](...continued)
officer to leave the county for the purpose of participating in his deposition.  Plaintiff will be directed to provide a copy of this Order to his parole officer.

again extended the deadline for Plaintiff to file such motion to November 9, 2007. Dkt. No. 48, Order, dated Oct. 10, 2007. Then, after receiving Plaintiff's omnibus non-dispositive Motion, the Court stayed the discovery deadline pending a decision on such Motions. Text Order, dated Nov. 21, 2007. In our January Order addressing Plaintiff's Motions, the Court extended the scheduling deadlines as follows: Discovery due by May 1, 2008; Motions to Compel due by May 30, 2008; and Dispositive Motions due by July 25, 2008. Dkt. No. 62 at p. 7. Since the Non-Dispositive Motion Filing Deadline had already expired, the Court did not set a new date. *Id*.

Now, with the filing of the Amended Complaint, new Defendants have been added, only some of which have appeared. In light of the procedural posture of this case, the Court will adjust the scheduling order as follows: **Discovery is due July 15, 2008; Motion to Compel deadline is set for August 15, 2008; and the Dispositive Motion filing deadline is set for September 15, 2008.**

There shall be no further extensions of these deadlines absent a showing of extraordinary circumstances. To that end, we have considered and find without merit Plaintiff's argument that he has not had enough time to conduct discovery. An appreciable amount of time for discovery was established in this Court's PTSO and the Court has repeatedly shown a willingness to be flexible and extend those deadlines. Plaintiff has the same discovery tools at his disposal as do other litigants and he has been provided ample time to take advantage of those tools. Plaintiff's argument that he needs more time because now that he is no longer incarcerated, he does not have access to a law library or legal materials is unavailing, especially in light of the fact, as this Court is well aware, that there is a free, public law library maintained in each county in this State and now that Plaintiff is not incarcerated he has access to legal materials on the Internet. Thus, Plaintiff's non-incarcerated status affords him no special solicitude regarding further extensions of scheduling deadlines greater than that granted

12

herein.

WHEREFORE, it is hereby

ORDERED, that Plaintiff's Motion for Reconsideration (Dkt. No. 66) is **granted in part** with regard to reconsideration of Plaintiff's Motion to Compel and extension of deadlines and **denied in part** with regard to any other relief sought; and it is further

ORDERED, the portion of this Court's January 15, 2008 Order denying Plaintiff's Motion to Compel is **modified** and the Court converts Plaintiffs' October 29th Letter to a Demand to Produce. Defendants are directed to, within thirty days of the date of this Order, produce the discovery as set forth above unless legitimate objections are registered; and it is further

ORDERED, that Plaintiff's deposition shall occur on May 5, 2008, at 10:00 a.m., in Syracuse, New York, at a destination selected by Defendants who shall forthwith inform Plaintiff of same; and it is further

ORDERED, that the discovery deadline is reset to **July 15, 2008**; the motion to compel deadline is reset to **August 15, 2008**; and the dispositive motion filing deadline is reset to **September 15, 2008**. These deadlines **shall not** be extended absent a showing of extraordinary circumstances; and it is further

ORDERED, that Plaintiff provide a copy of this Order to his parole officer; and it is further

ORDERED, that the Clerk serve a copy of this Order on the parties hereto in accordance with the Local Rules.

**IT IS SO ORDERED.**

Date:   April 17, 2008
         Albany, New York

13

RANDOLPH F. TREECE
United States Magistrate Judge