UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

KENNETH WARD

                            Plaintiff,

v.                                                      9:07-CV-0026
                                                      (GTS/RFT)

LUCIEN LeCLAIRE, JR., Acting Commissioner;
LAWRENCE SEARS, Superintendent, Franklin
Correctional Facility; J.D. DEMARS, Deputy
Superintendent of Programs; GLENN GOORD,
DOCS Commissioner; M. DUTIL, Correctional
Officer; BRIAN FISCHER, Commissioner;
K. HABECK, Deputy Superintendent of
Administration; T. DUMAS, Registered Nurse;
D.A. ROCK, Deputy Superintendent of Security,

                            Defendants.
_____

APPEARANCES:                                    OF COUNSEL:

KENNETH WARD
  Plaintiff, *Pro Se*
338 Bennington Drive
Rochester, NY 14616

HON. ANDREW M. CUOMO                CHRISTINA L. ROBERTS-RYLA, ESQ.
  Attorney General for the State of New York    DAVID L. COCHRAN, ESQ.
Attorney for Defendants                       Assistant Attorneys General
The Capitol
Albany, NY 12224

HON. GLENN T. SUDDABY, United States District Judge

## DECISION and ORDER

      Currently before the Court in this *pro se* prisoner civil rights action filed by Kenneth Ward ("Plaintiff") against nine employees of the New York State Department of Correctional Services ("Defendants") pursuant to 42 U.S.C. § 1983 are (1) Defendants' motion for summary judgment (Dkt. No. 85), (2) United States Magistrate Judge Randolph F. Treece's Report-

Recommendation recommending that Defendants' motion be granted in part and denied in part (Dkt. No. 97), and (3) Plaintiff's Objections to the Report-Recommendation (Dkt. No. 99). For the reasons set forth below, the Report-Recommendation is accepted and adopted in its entirety, and Defendants' motion for summary judgment is granted in part and denied in part.

**I.   BACKGROUND**

    **A.   Plaintiff's Amended Complaint**

On January 28, 2008, Plaintiff filed his Amended Complaint. (Dkt. No. 64.) Construed with the utmost of liberality, Plaintiff's Amended Complaint alleges that, between approximately May 2006 and January 2008, while he was incarcerated at Franklin Correctional Facility in Malone, New York ("Franklin C.F."), his civil rights were violated in the following manner: (1) Defendants Dutil, Sears, Demars, Habeck, Rock, Goord, Fischer, and LeClaire were deliberately indifferent to the conditions of his confinement in violation of the Eighth Amendment; (2) Defendants Dumas, Rock, and the medical staff of Franklin C.F.[1] were deliberately indifferent to his medical needs in violation of the Eighth Amendment; (3) Defendant Dumas and the medical staff retaliated against him in violation of the First Amendment; (4) Defendant Demars denied him due process by failing to address his request for a reasonable accommodation pursuant to the Americans with Disabilities Act ("ADA"), in violation of the Fourteenth Amendment; (5) the Franklin medical staff conspired to violate his constitutional rights; and (6) all of the named Defendants violated various articles of the New York State Constitution and other New York statutes. (*See generally,* Dkt. No. 64 [Plf.'s Am. Compl.].)

More specifically, Plaintiff alleges as follows: (1) Defendants failed to enforce the New

---

[1] In his Amended Complaint, Plaintiff asserts claims against twelve (12) Defendants. (Dkt. No. 64.) However, Plaintiff only identifies nine (9) Defendants by name, and fails to identify the three (3) unnamed Defendants as John Doe Defendants. However, liberally construed, the Court finds that Plaintiff has attempted to assert claims against members of the medical staff who are subordinates (and/or co-workers) of Defendant Dumas.

York State Department of Correctional Services' ("DOCS") smoking policy at Franklin C.F., thereby exposing him to high levels of environmental tobacco smoke ("ETS") that caused his asthma condition to deteriorate and placed him at risk for more serious diseases, such as cancer; (2) Defendants conspired to "cover up" their failure to enforce the smoking rules; (3) Defendant Dumas and the medical staff at Franklin C.F. improperly took and tracked his vital signs when he received medical treatment, made him wait for up to an hour before receiving treatment for his asthma, and he did not allow him to see a doctor from July 17 through September 4, 2007; (4) the medical staff delayed providing him with medical treatment and failed to document his medical records because he filed grievances and complaints; and (5) Defendant J.D. Demars denied his request for a reasonable accommodation to participate in services, including showering, which he was not able to participate in because of the environment. (*Id*.)

For a more detailed recitation of the factual allegations giving rise to Plaintiff's claims, the Court refers the reader to the Amended Complaint in its entirety, and Magistrate Judge Treece's Report-Recommendation in its entirety. (Dkt. Nos. 64, 97.)

  **B.**  **Defendants' Motion for Summary Judgment and Plaintiff's Response**

On September 15, 2008, Defendants filed a motion for summary judgment seeking dismissal of all of Plaintiff's claims. (Dkt. No. 85.) In their motion, Defendants argue as follows: (1) Plaintiff has failed to state a claim under the Fourth and Fifth Amendments for unreasonable search and seizure, or a compulsion to give self-incriminating evidence, because he has failed to allege facts plausibly suggesting such a violation; (2) Plaintiff's claims under New York law should be dismissed for failure to state a claim because a violation of state law does not give rise to claim under 42 U.S.C. § 1983; (3) Plaintiff has failed to state a claim against

Defendants Fischer, LeClaire, Rock, Sears, and Habeck because he has failed to allege facts plausibly suggesting, and/or adduce admissible record evidence establishing, that those supervisors were personally involved in the constitutional violations he alleges; (4) Plaintiff has failed to establish an Eighth Amendment claim for deliberate indifference to serious medical needs because he has failed to adduce admissible record evidence establishing that he experienced a serious medical need during the time in question, and/or that Defendants acted with criminal recklessness in disregard of any such need; (5) Plaintiff has failed to establish an Eighth Amendment claim for inadequate prison conditions based on his exposure to ETS, because he has failed to adduce admissible record evidence establishing a causal connection between his filing of grievances and the adverse action that he allegedly experienced; (7) Plaintiff has failed to establish a Fourteenth Amendment claim for violation of his procedural due process rights because he has failed to adduce admissible record evidence establishing that he suffered an atypical and significant hardship in relation to the ordinary incidents of prison life; (8) Plaintiff's claim under the ADA should be dismissed because he has failed to adduce admissible record evidence establishing that he suffered from a "disability" under the ADA; (9) Plaintiff has failed to state a claim for conspiracy because he has failed to allege facts plausibly suggesting that there was a meeting of the minds between Defendants to act together to inflict an unconstitutional injury on Plaintiff, and that they took an act in furtherance of such an agreement; and (10) based on the current record, Defendants are entitled to qualified immunity as a matter of law. (Dkt. No. 85, Attach. 14, at 11-24.)

On February 17, 2009, after a three-and-one-half-month deadline extension was granted to Plaintiff by the Court, Plaintiff submitted his response in opposition to Defendants' motion for summary judgment. In his response, Plaintiff argues as follows: (1) supervisory officials

Fischer, Goord, LeClaire, Sears, Rock and Habeck should not be dismissed as Defendants from this action because the record contains evidence that they were personally involved in the alleged constitutional violations; (2) the record contains evidence in support Plaintiff's Eighth Amendment claim for deliberate indifference to his serious medical needs; (3) the record contains evidence in support Plaintiff's Defendants retaliated against him in violation of the First Amendment; (4) Defendant Demars violated Plaintiff's due process rights, because Demars failed to follow the procedure created by the State of New York through its implementation of DOCS Directive 2614; and (5) based on the current record, Defendants are not entitled to qualified immunity as a matter of law. (Dkt. No. 94, at 2-10.)

### C. Magistrate Judge Treece's Report-Recommendation

On September 16, 2009, Magistrate Judge Treece issued a Report-Recommendation recommending as follows: (1) that Plaintiff's Eighth Amendment conditions-of-confinement claim against Defendants Sears, Demars, Habeck, Rock, Goord, Fischer, and LeClaire be dismissed; (2) that Plaintiff's Eighth Amendment deliberate-indifference claim against Defendants Dumas, Rock, and the medical staff of Franklin C.F. be dismissed; (3) that Plaintiff's First Amendment retaliation claim against Defendant Dumas and the medical staff be dismissed; (4) that Plaintiff's Fourteenth Amendment procedural due process claim against Defendant Demars be dismissed; (5) that Plaintiff's conspiracy claim against the Franklin medical staff be dismissed; (6) that Plaintiff's claims under the New York State Constitution and other New York statutes against all Defendants be dismissed; and (7) that Plaintiff's Eighth Amendment conditions of confinement claim against Defendant Dutil *not* be dismissed pursuant to Fed. R. Civ. P. 56 due to the existence of genuine issues of material fact regarding this claim. (Dkt. No. 97, at 9-29.)

5

### D.   Plaintiff's Objections

On November 5, 2009, after an extension of time was granted by the Court, Plaintiff filed his Objections to the Report-Recommendation, arguing, *inter alia*, that Magistrate Judge Treece improperly recommended the dismissal of Defendants LeClaire, Jr., Sears, Demars, Goord, Fischer, and Dumas.  (Dkt. No. 99.)  More specifically, Plaintiff argues, *inter alia*, as follows: (1) there is no right to privacy in the correctional facility, which makes it difficult for corrections officers to enforce a smoking ban; (2) Defendants failed to consider and implement any of Plaintiff's proposed solutions to the smoking problem; (3) the smoking violation reports provided by Defendants, which the Court relied on, in part, in making its determinations, are incomplete; (4) because Defendants Fischer, LeClaire received and acted on his grievances and complaints, they were personally involved in the constitutional violations; (5) as a result of his complaints, Defendants' subordinates repeatedly delayed his receipt of medical treatment and failed to properly document his medical records, which resulted in his suffering an acute asthmatic attack; and (6) Defendant Demars violated DOCS policy by not forwarding Plaintiff's accommodation request to the medical unit and the ADA/CORC.  (*See generally* Dkt. No. 99 [Plf.'s Objections].)

For a more detailed recitation of Plaintiff's Objections, the Court refers the reader to the Objections.

## II.   APPLICABLE LEGAL STANDARDS

### A.   Standard of Review Governing a Report-Recommendation

When specific objections are made to a magistrate judge's report-recommendation, the Court makes a "de novo determination of those portions of the report or specified proposed

findings or recommendations to which objection is made." *See* 28 U.S.C. § 636(b)(1)(C).[2]

When only general objections are made to a magistrate judge's report-recommendation, the Court reviews the report-recommendation for clear error or manifest injustice. *See Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], *aff'd without opinion*, 175 F.3d 1007 (2d Cir. 1999).[3]  Similarly, when a party makes no objection to a portion of a report-recommendation, the Court reviews that portion for clear error or manifest injustice. *See Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) [citations omitted]; Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition [citations omitted].  After conducing the appropriate review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

    **B.**    **Standard Governing a Motion for Summary Judgment**

Magistrate Judge Treece correctly recited the legal standard governing a motion for summary judgment. (Dkt. No. 97, at 3-5.)  As a result, this standard is incorporated by reference in this Decision and Order.

---

[2] On de novo review, "[t]he judge may . . . receive further evidence . . . ." 28 U.S.C. § 636(b)(1)(C).  However, a district court will ordinarily refuse to consider arguments, case law and/or evidentiary material that could have been, but was not, presented to the Magistrate Judge in the first instance. *See, e.g., Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters*, 894 F.2d 36, 40, n.3 (2d Cir. 1990) (district court did not abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate").

[3] *See also Vargas v. Keane*, 93-CV-7852, 1994 WL 693885, at *1 (S.D.N.Y. Dec. 12, 1994) (Mukasey, J.) ("[Petitioner's] general objection [that a] Report . . . [did not] redress the constitutional violations [experienced by petitioner] . . . is a general plea that the Report not be adopted . . . [and] cannot be treated as an objection within the meaning of 28 U.S.C. § 636."), aff'd, 86 F.3d 1273 (2d Cir.), *cert. denied*, 519 U.S. 895 (1996).

**III.   ANALYSIS**

After carefully reviewing all of the papers herein, including Magistrate Judge Treece's thorough Report-Recommendation, the Court can find no error (clear or otherwise) in the Report-Recommendation.[4] Magistrate Judge Treece employed the proper standards to Plaintiff's claims, accurately recited the facts surrounding these claims, and reasonably applied the law to those facts. As a result, Magistrate Judge Treece's Report-Recommendation is accepted and adopted in its entirety. The Court would add only two points.

First, with regard to Plaintiff's continued insistence that Defendants violated his constitutional rights by failing to follow DOCS Directive 2614, section 1983 provides, in pertinent part, "Every person who . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by *the Constitution and laws*, shall be liable to the party injured . . . ." 42 U.S.C. § 1983 [emphasis added]. The term "the Constitution and laws" refers to United States Constitution and *federal* laws.[5] A violation of a state law or regulation, *in and of itself*, does not give rise to liability under 42 U.S.C. § 1983.[6] Furthermore, the violation of a

---

[4]   Although the Court finds Plaintiff's Objections to be general in nature, the Court notes that Magistrate Judge Treece's Report-Recommendation would survive even a *de novo* review.

[5]   *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970) ("The terms of § 1983 make plain two elements that are necessary for recovery. First, the plaintiff must prove that the defendant has deprived him of a right secured by the 'Constitution and laws' *of the United States*.") (emphasis added); *Patterson v. Coughlin*, 761 F.2d 886, 890 (2d Cir. 1985) ("Recovery under 42 U.S.C. § 1983 . . . is premised upon a showing, first, that the defendant has denied the plaintiff a constitutional or *federal* statutory right. . . .") (citation omitted; emphasis added); *Fluent v. Salamanca Indian Lease Auth.*, 847 F. Supp. 1046, 1056 (W.D.N.Y. 1994) ("The initial inquiry in a § 1983 action is whether the Plaintiff has been deprived of a right 'secured by the Constitution and laws' *of the United States*.") [emphasis added].

[6]   *See Doe v. Conn. Dept. of Child & Youth Servs.*, 911 F.2d 868, 869 (2d Cir. 1990) ("[A] violation of state law neither gives [plaintiff] a § 1983 claim nor deprives defendants of the defense of qualified immunity to a proper § 1983 claim."); *Patterson*, 761 F.2d at 891 ("[A] state

8

DOCS Directive, alone, is not even a violation of New York State law or regulation;[7] this is because a DOCS Directive is "merely a system the [DOCS] Commissioner has established to assist him in exercising his discretion," which he retains, despite any violation of that Directive.[8]

Having said that, it is true that a state may, *under certain circumstances*, create a liberty interest protected by the Fourteenth Amendment's Due Process Clause through its enactment of certain statutory or regulatory measures. At one point, the Supreme Court held that a state created such a liberty interest if it repeatedly used explicit language of an unmistakably mandatory character in connection with requiring specific substantive predicates. *Hewitt v. Helms*, 459 U.S. 460, 466-472 (1983). However, that rule created a perverse incentive (1) for inmates to "comb" state regulations for mandatory language upon which to base claims of entitlements, (2) for courts to draw negative inferences from mandatory language in state regulations, and to involve themselves in the day-to-day management of prisons, and (3) for states to not codify prison management procedures, or to confer on correctional personnel "standardless discretion." *Sandin v. Connor*, 515 U.S. 472, 477-484 (1995). As a result, the Supreme Court changed the rule, shifting the courts' focus from the language of a particular state

---

employee's failure to conform to state law does not in itself violate the Constitution and is not alone actionable under § 1983 . . . .") (citation omitted); *Murray v. Michael*, 03-CV-1434, 2005 WL 2204985, at *10 (N.D.N.Y. Sept. 7, 2005) (DiBianco, M.J.) ("[A]ny violations of state regulations governing the procedures for disciplinary hearings . . . do not rise to the level of constitutional violations.") (citation omitted); *Rivera v. Wohlrab*, 232 F. Supp.2d 117, 123 (S.D.N.Y. 2002) ("[V]iolations of state law procedural requirements do not alone constitute a deprivation of due process since '[f]ederal constitutional standards rather than state law define the requirements of procedural due process.'") (citing *Russell v. Coughlin*, 910 F.2d 75, 78 n.1 [2d Cir. 1990]).

[7] *See Rivera v. Wohlrab*, 232 F. Supp.2d 117, 123 (S.D.N.Y. 2002) (citation omitted); *Lopez v. Reynolds*, 998 F. Supp. 252, 259 (W.D.N.Y. 1997).

[8] *See Farinaro v. Coughlin*, 642 F. Supp. 276, 280 (S.D.N.Y. 1986).

law or regulation to the nature of the deprivation.  *Sandin*, 515 U.S. at 483-484.[9]  Specifically, in 1995, the Supreme Court held that, while states may still under certain circumstances create a liberty interest protected by the Fourteenth Amendment's Due Process Clause, the interest "will generally be limited to freedom from restraint which . . . imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."  *Sandin*, 515 U.S. at 483-84.

Second, with regard to Plaintiff's argument that Defendants Fischer, and LeClaire were personally involved in the constitutional violation because these individuals "received, acted and reviewed Plaintiff's grievances and complaints," (Dkt. No. 99, at 4), the record reflects that Defendants Fischer and LeClaire "routinely received several thousand letters per year" from inmates, which were screened by secretarial staff members and sent to the "appropriate Deputy Commissioner who oversaw the area that encompassed the issue raised by the inmate."  (Dkt. No. 85, Attach. 9, at ¶¶ 6, 13 [LeClaire Decl.]; Dkt. No. 85, Attach. 11, at ¶¶ 6-7, 12-16 [Fischer Decl.].)  Although Plaintiff argues that forwarding a letter to "the appropriate Deputy Commissioner" constitutes acting on the complaint, it is well settled that "referring . . . letters [and grievances] to staff for investigation is not sufficient to establish personal involvement."  *Vega v. Artus*, 610 F. Supp.2d 185, 199, n.13 (N.D.N.Y. 2009) (Suddaby, J.) ("Prison supervisors are entitled to refer letters of complaint to subordinates, and rely on those subordinates to conduct an appropriate investigation and response, without rendering the supervisors personally involved in the constitutional violations alleged in the letters of complaint.") (citing cases); *see also Jenkins v. Haubert*, 179 F.3d 19, 28 (2d Cir. 1999); *Frazier*

---

[9] *See also Blouin v. Spitzer*, 356 F.3d 348, 362-363 (2d Cir. 2004) (recognizing abrogation or modification of prior rule which focused on language of state regulation), *accord*, *Anderson v. Recore*, 317 F.3d 194, 198-200 (2d Cir. 2003), *accord*, *Watson v. City of N.Y.*, 92 F.3d 31, 37-38 (2d Cir. 1996), *accord*, *Frazier v. Coughlin*, 81 F.3d 313, 317 (2d Cir. 1996).

*v. Coughlin*, 81 F.3d 313, 317 (2d Cir. 1996).

      **ACCORDINGLY**, it is

      **ORDERED** that Magistrate Judge Treece's Report-Recommendation (Dkt. No. 97) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

      **ORDERED** that Defendants' motion for summary judgment (Dkt. No. 85) is **DENIED** with regard to Plaintiff's Eighth Amendment conditions-of-confinement claim against Defendant Dutil; and it is further

      **ORDERED** that Defendants' motion for summary judgment (Dkt. No. 85) is **GRANTED** with regard to all of Plaintiff's other claims.   The clerk is directed to terminate this action as against Defendants LeClaire, Sears, Demars, Boyea, Goord, Fischer, Habeck, Dumas and Rock.

Dated: March 24, 2010
      Syracuse, New York

Hon. Glenn T. Suddaby
U.S. District Judge